UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF FLORIDA,
OCALA DIVISION

JAMES AREN DUCKETT,
      Plaintiff,

v.

GARY J. COONEY, Clerk of the
Circuit Court, Lake County
Florida,
et, al.,
      Defendants.

_____/

Civil Action No. <u>5:26-cv-524-</u>
<u>JEP-PRL</u>

**<span style="color:red">Emergency Injunctive Relief Sought Execution Scheduled For: July 28, 2026, at 12:00 p.m.</span>**

## EMERGENCY MOTION FOR STAY OF EXECUTION

**COMES NOW THE PLAINTIFF, JAMES AREN DUCKETT,** by and through his undersigned counsel, and herein moves the Court to enter a stay of his execution by the State of Florida, currently scheduled to take place on July 28, 2026, at 12:00 p.m., at Florida State Prison. In support thereof, Mr. Duckett states as follows:

### I.    Introduction

Plaintiff James Aren Duckett, a death-sentenced Florida prisoner with an execution scheduled for July 28, 2026, at 12:00 p.m., filed a 42 U.S.C. § 1983 complaint and accompanying memorandum in this Court,

1

seeking emergency declaratory and injunctive relief preventing his execution from proceeding. For nearly 40 years, Mr. Duckett has steadfastly maintained his innocence. Throughout his postconviction proceedings, he has presented a multitude of constitutional violations, all of which support his assertion that he has been imprisoned and sentenced to death for crimes he did not commit.

In this Motion, Mr. Duckett seeks a stay of execution so that this Court may consider the arguments in his complaint and memorandum without the exigencies of an active death warrant.

## II.   Mr. Duckett's Action Satisfies the Requirements for a Stay

A stay of execution of a death sentence is a form of injunctive relief. *See Siegel v. LePor*e, 234 F.3d 1163, 1176 (11th Cir. 2000). Under Eleventh Circuit precedent, a stay is thus warranted when four factors are satisfied: "(1) [the applicant] has a substantial likelihood of success on the merits; (2) he will suffer irreparable injury unless the injunction issues; (3) the stay would not substantially harm the other litigant, and (4) if issued, the injunction would not be adverse to the public interest." *Mann v. Palmer*, 713 F.3d 1306, 1310 (11th Cir. 2013) (quoting *Valle v. Singer*, 655 F.3d 1223, 1225 (11th Cir. 2011)).

2

Mr. Duckett has alleged in his § 1983 complaint, appendix, and supporting memorandum of law, that his federal constitutional right to due process was violated when he was denied access to DNA testing and access to the courts during the litigation of his right to testing. Mr. Duckett has proffered facts that satisfy each of the elements required for a stay. As such, Mr. Duckett should be granted a stay pending this Court's resolution of this action in the ordinary course, without the imminent threat of execution.

### A. The Cause of Action Has a Substantial Likelihood of Success

The Supreme Court has consistently recognized that a state's process for obtaining access to DNA testing must comport with fundamental fairness and due process. *See Dist. Attorney's Off. for Third Jud. Dist. v. Osborne*, 557 U.S. 52, 69 (2009); *see also Skinner*, 562 U.S. at 530 (permitting a due process claim under 42 U.S.C. § 1983 where a state official refuses to release biological evidence for testing, thereby depriving a prisoner of "his liberty interests in utilizing state procedures to obtain reversal of his conviction and/or to obtain a pardon or reduction of his sentence"). Mr. Duckett has identified concrete constitutional violations that occurred throughout his warrant proceedings.

Although the state court agreed "that identity was an issue at trial, and that if DNA testing of the sperm indicated that it did not belong to [Mr. Duckett], there would have been a reasonable probability of an acquittal," (WR1. 748), the court interpreted the testing proceedings in an unreasonable manner, thereby depriving Mr. Duckett of due process. As a result, the state court permitted the State "to exercise complete control over the location, timing, and method of [DNA] testing" granted by the court under warrant (WR2. 27); *see also Duckett*, 431 So. 3d at 992. Mr. Duckett was precluded from presenting expert testimony to the court to enusure that the rule was met and "DNA testing techniques [were used that] likely would produce definitive result;" he was precluded from accessing the laboratory that conducted the testing; and he was precluded from questioning the laboratory as to the work that was performed. The court's failures resulted from an unreasonable interpretation of the law, in which all safeguards for testing were removed and the best evidence in his case was destroyed. What occurred in Mr. Duckett's case cannot be tolerated at the critical and last juncture of whether he will live or die.

### B.  Mr. Duckett Will Suffer Irreparable Injury—Death— If No Injunction is Issued

If this Court does not issue a stay, Mr. Duckett will be executed without ever having had access to DNA testing that comports with constitutional due process requirements. The Eleventh Circuit has held that the threat of an imminent execution is a presumptive injury. *See, e.g.*, *In re Holladay*, 331 F.3d 1169, 1177 (11th Cir. 2003) ("We consider the irreparability of the injury that petitioner will suffer in the absence of a stay to be self-evident."); *Ferguson v. Warden, Fla. State Prison*, 493 F. Appx 22, 26 (11th Cir. 2012) (Wilson, J., concurring) ("As a general rule, in the circumstance of an imminent execution, this court presumes the existence of irreparable injury.").

### C.  A Stay Would Not Harm Defendants

Mr. Duckett has been on Florida's death row since 1988, during which he has had a near perfect disciplinary record. He has been eligible for an execution warrant since his clemency proceedings initiated in 2014. There is no reason to deny a stay and deny Mr. Duckett the review he is entitled.

Defendants would not suffer financial or any other harm from a stay to allow the Court to evaluate the violation of Mr. Duckett's federal

constitutional due process rights. Where an individual's claim underlying his desire for a stay of execution could mean further proceedings, that weighs heavily against a State's interest in the person's imminent execution. *See, e.g., In re Holladay,* 331 F.3d 1169, 1177 (11th Cir. 2003) ("Moreover, contrary to the State's contention that its interest in executing Holladay outweighs his interest in further proceedings, we perceive no substantial harm that will flow to the State of Alabama or its citizens from postponing petitioner's execution to determine whether that execution would violate the Eighth Amendment.").

### D.    A Stay Would Not Be Adverse to the Public Interest

The public has an interest in the prevention of constitutional violations, particularly those carried out in the name of the People. *See Woodson v. North Carolina,* 428 U.S. 280, 303-04 (1976) ("[D]eath is a punishment different from all other sanctions in kind rather than degree."). In the context of the death penalty, where the punishment is "the most irremediable and unfathomable of penalties," *Ford v. Wainwright,* 477 U.S. 399, 411 (1986), the public interest is best served by ensuring that all death-sentenced individuals have meaningful access, in line with their federal rights, to meaningful DNA testing when the

6

movant has met the pleading requirements. The public, as well as the judiciary, have a heightened interest in ensuring that the procedural and substantive unfairness of Mr. Duckett's death sentence was adequately addressed, wherein he was entitled to a meaningful opportunity to seek testing and have the testing conducted in a manner that comports with due process.

## III.  Conclusion

For the reasons set forth above, and in his complaint and accompanying memorandum, Mr. Duckett requests that the Court enter a stay of his scheduled July 28, 2026, execution so that his § 1983 action can be considered without the imminent threat of Mr. Duckett s death.

Respectfully submitted,

*/s/ Brittney N. Lacy*
BRITTNEY N. LACY
Assistant CCRC-South
Fla. Bar No. 116001
*lacyb@ccsr.state.fl.us*

*/s/ Courtney M. Hammer*
COURTNEY M. HAMMER
Assistant CCRC-South
Fla. Bar No. 1011328
*hammerC@ccsr.state.fl.us*

Capital Collateral Regional
Counsel-South
110 SE 6th Street, Suite 701

Fort Lauderdale, FL 33301
Tel. (954) 713-1284

*/s/ Mary E. Wells*
MARY ELIZABETH WELLS
Fla Bar. No. 0866067

Law Office of M.E. Wells
623 Grant Street SE
Atlanta, GA 30312
*mewells27@comcast.net*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true copy of the foregoing has been furnished by electronic service using the State of Florida E-Filing Portal, to the following this 23th day of July, 2026.

/s/ Brittney N. Lacy
BRITTNEY N. LACY
Assistant CCRC-South